# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**Steven Brascom, Sr.,**

*Plaintiff*,

v.

**Experian Information Solutions, Inc.,**

*Defendant*.

Case Number:   8:23-cv-2961

**JURY TRIAL DEMANDED**

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Steven Brascom, Sr. ("**Mr. Brascom**"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendant, Experian Information Solutions, Inc. ("**Experian**"), stating as follows:

### PRELIMINARY STATEMENT

1. This is an action brought by Mr. Brascom against the Defendant for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("**FCRA**").

### JURISDICTION AND VENUE

2. Subject matter jurisdiction arises under the FCRA, 15 U.S.C. § 1681p, and 28 U.S.C. § 1331.

3. Experian is subject to the provisions of the FCRA and is subject to the jurisdiction of this Court pursuant to § 48.193, Fla. Stat., and Fed. R. Civ. P. 4(k).

4. Venue is proper in the Middle District of Florida pursuant to 28 U.S.C. §1391(b)(2) because the acts complained of were committed and / or caused by the Defendants within Hillsborough County, which is in the Middle District of Florida.

## PARTIES

5. Mr. Brascom is a natural person residing in the City of Tampa, Hillsborough County, Florida.

6. Mr. Brascom is a *Consumer* as defined by the FCRA, 15 U.S.C. § 1681a(c).

7. Experian is an Ohio corporation, with a principal business address of 475 Anton Boulevard, Costa Mesa, CA 92626.

8. Experian is registered to conduct business in the State of Florida, where its Registered Agent is CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 33324.

9. Experian is a nationwide Consumer Reporting Agency ("**CRA**") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that it, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses various means of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically including mail and telephone communications.

## FACTUAL ALLEGATIONS

### Experian Reports Blatantly-False 'Date Of Status'

10. Around August 2017, Child Support Enforcement in Tallahassee, FL reported to Experian that Mr. Brascom was supposedly in arrears on child support payments concerning his now-adult children.

11. However, due to significant and considerable flaws in Experian's automated systems – flaws which have gone unfixed for at least a decade—every new report furnished by Child Support Enforcement created a purportedly new "date of status," as well as a new "date first reported."

12. For example, in October 2017, Mr. Brascom's Experian report shows the account status was "collection," last reported on September 10, 2017, with a "date of status" and "date first reported" of September 2017. **SEE PLAINTIFF'S EXHIBIT A.**

13. Yet, the prior balance history shows the account had been reported in August 2017, meaning the "date of status" and "date first reported" should have reflected August 2017.

14. Every month from September 2017 through February 2022, when Child Support Enforcement reported new information, Experian's automated systems automatically updated the "date of status" and "date first reported" to whatever the current month was.

15. In September 2023, Mr. Brascom's Experian report then showed the same account last reported on September 9, 2023, with a February 2022 "date of status," and that the "date first reported" was February 2022. **SEE PLAINTIFF'S EXHIBIT B.**

16. Experian's reports show up to the prior 24 months of payment history, and, indeed, the Child Support account shows 24 months of payment data, through March 2021. *Id.*

17. The "date of status" indicates when the account achieved the status which it currently reflects, e.g. "collection account."

18. In the instant matter, Child Support Enforcement alleged the account became a "collection account" in August 2017, and, as of November 2023, it retains the same status – "collection." *Id.*

19. Thus, the account should reflect an August 2017 "date of status."

20. As is virtually axiomatic, the date an account is first reported is not something which is subject to change; yet, the same flaw which causes the "date of status" to erroneously update monthly also causes the "date first reported" to update monthly.

### Experian Fully Aware Of Problems But Does Nothing

21. This flaw is well-known to Experian and is not limited only to Child Support tradelines.

22. Approximately 2.1 million consumers were affected by the exact same flaw which caused medical debts reported by Heathcare Revenue Recovery Group to erroneously update the date of status monthly to the current date. See *Omar Santos et. al vs. Experian Information Solutions et. al*, Case 22-11187, 11th Cir. Court of Appeals, Nov. 6, 2023.

23. In the case of the 2.1 million Heathcare Revenue Recovery Group tradelines, the error went on for a year-and-a-half before Experian noticed the issue; when discovered, Experian employees "worried about the impact it would have on credit scores, consumer disputes, and automated Experian reporting products." *Santos*, Id.

24. Credit scores can "be affected by how long an account has been in collection—with more recent collection accounts having a greater negative impact." *Santos*, Id.

25. Despite being aware of this issue – and, indeed, Experian's employees "worrying" about the impact to consumer's credit scores – Experian still has not fixed this issue.

26. Experian continues, as of the day of this filing, to sell reports it knows have obvious and clear flaws in them due to the erroneous automatic updating of the Date of Status monthly on particular tradelines.

27. A second Child Support tradeline appearing on Mr. Brascom's report was also affected by Experian's flawed automated systems.

28. Data furnished by Child Support Enforcement indicate the account was a collection as of September 2019, but due to Experian's systems "auto-updating" the Date of Status monthly until August 2021, the account now reflects a Date of Status of August 2021.

29. Mr. Brascom's October 2023 Experian report shows a full 24-month prior balance history.

30. As the account as had a status of "collection" since September 2019, the Date of Status should report as September 2019, but does not.

31. By including information Experian knew was false and by not fixing a broken system Experian was well aware generated false information, Experian failed to use reasonable procedures when preparing the credit reports sold to each creditor and potential creditor of Mr. Brascom which Experian sold reports to.

32. Experian has sold at least fifteen (15) reports containing these false "Date of Status" to Mr. Brascom's creditors, and potential creditors in the past twenty-four (24) month, resulting in substantially lower credit scores reflected due to Experian's false and unwarranted "re-aging" of the debt.

33. Mr. Brascom has also suffered damage to his reputation.

34. Mr. Brascom has thus suffered a concrete injury by disclosing inaccurate information to third-party businesses.

35. Mr. Brascom has hired this law firm to represent him in this matter and has assigned the firm his right to fees and costs.

## COUNT I
## EXPERIAN'S VIOLATIONS OF THE FCRA-15 U.S.C. § 1681e(b)

36. Mr. Brascom adopts and incorporates paragraphs 1 – 35 as if fully stated herein.

37. Experian violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of consumer reports sold regarding Mr. Brascom when Experian sold at least **fifteen (15) reports** which contained one or more Child Support tradelines with wildly-false Dates of Status, a problem Experian was aware of but elected not to fix.

38. Experian's conduct was willful and intentional, or, alternately, was done with reckless disregard for its duties under the FCRA to provide reports with maximum possible accuracy, and its policies could reasonably be foreseen to cause harm to Mr. Brascom.

39. As a result of its conduct, Experian is liable to Mr. Brascom pursuant to the FCRA for the greater of Mr. Brascom's actual damages or statutory damages of up to $1,000 for *each occurrence*, per 15 U.S.C. § 1681n.

40. Alternatively, Experian's conduct was the result of negligence and Experian is liable to Mr. Brascom for his actual damages per 15 U.S.C. § 1681o.

**WHEREFORE,** Mr. Brascom respectfully requests this Honorable Court enter judgment against Experian for:

a. The greater of Mr. Brascom's actual damages or statutory damages of **$1,000** per incident, pursuant to 15 U.S.C. § 1681n(a)(1), or Mr. Brascom's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Injunctive relief in the form of correcting the false "date of status" and "date first reported", and notifying the third parties which received the inaccurate information of Experian's mistake. Plaintiff also requests a free, corrected report be sent to each third party.

d. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. §1681n(a)(3); and,

e. Such other relief that this Court deems just and proper.

## JURY TRIAL DEMANDED

Mr. Brascom hereby demands a trial by jury on all issues so triable.

Respectfully submitted on **December 26, 2023**, by:

**SERAPH LEGAL, P. A.**

/s/ Bridget L. Scarangella
Bridget L. Scarangella, Esq.
Florida Bar No.: 1022866
Seraph Legal, P.A.
2124 West Kennedy Boulevard, Suite A
Tampa, Florida 33606
P: (813) 567-1230
F: (855) 500-0705
BScarangella@SeraphLegal.com
*Attorney for Plaintiff*

**EXHIBIT LIST**

A    Mr. Brascom's Experian Consumer Disclosure, October 17, 2017, Child Support Tradeline – Excerpt

B    Mr. Brascom's Experian Consumer Disclosure, September 19, 2023, Child Support Tradeline - Excerpt